IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02236-BNB

JOHN A. RAMIREZ,

     Plaintiff,

v.

RICK RAEMISCH,
RAE TIMME,
FREDRIC GIFFORD,
LANCE MIKLICH,
TOM JORDAN,
CAROL TRUJILLO,
RODNEY ACHEN,
CHRISTINA SMITH,
COLORADO DEPARTMENT OF CORRECTIONAL [sic], and
COLORADO TERRITORIAL CORRECTIONAL FACILITY,

     Defendants.

---

## ORDER OF DISMISSAL

---

     Plaintiff, John A. Ramirez, was a prisoner in the custody of the Colorado

Department of Corrections (DOC) incarcerated at the Colorado Territorial Correctional

Facility in Cañon City when he submitted *pro se* a Prisoner Complaint (ECF No. 1)

pursuant to 42  U.S.C. § 1983 asking for money damages, injunctive relief, the

expungement of any record of his restricted privileges, and the restoration of his

earned-time credits.

     According to the inmate locator on the DOC website, www.doc.state.co.us, Mr.

Ramirez no longer is incarcerated and presumably is on parole.  He notified the Court

on September 12, 2013, in his amended Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915 (ECF No. 6 at 1) that he currently resides in Aurora, Colorado.

On December 3, 2013, Magistrate Judge Boyd N. Boland entered an order granting Mr. Ramirez leave to proceed *in forma pauperis* pursuant to § 1915 and directing him to file an amended Prisoner Complaint within thirty days.  Magistrate Judge Boland warned Mr. Ramirez that if he failed to file an amended Prisoner Complaint that complied with December 3 order as directed within the time allowed, some claims asserted against some Defendants, or the entire action, may be dismissed without further notice.  Mr. Ramirez has failed within the time allowed to file an amended Prisoner Complaint as directed or otherwise communicate with the Court in any way.

In the December 3 order, Magistrate Judge Boland noted that Plaintiff challenged prison conditions and regulations.  He complained that he was terminated from his food service job, charged with theft, convicted on disciplinary charges, and subsequently lost privileges for ninety days (claim one).  He also contended unspecified prison staff threatened, coerced, and abused him verbally and mentally (claim two).  He asked for the revision of an administrative regulation, the expungement of any record of his restricted privileges, and the restoration of his earned-time credits.

The December 3 order pointed out a number of deficiencies in the Prisoner Complaint Mr. Ramirez originally filed.  The December 3 order informed Mr. Ramirez, who appeared to have been released on parole, that his request for injunctive relief regarding prison conditions and regulations was moot.  The December 3 order further pointed out that the DOC and Colorado Territorial Correctional Facility are protected by Eleventh Amendment immunity, specific facts as to the personal participation of each

named Defendant must be alleged, Defendants may not be sued merely because of their roles as supervisors, Defendants whose only involvement in the alleged constitutional violations was to deny grievances may not be sued, and fictitious names such as "John or Jane Doe" may be used for Defendants so long as Mr. Ramirez can provide sufficient information about each Defendant so that he or she can be identified for purposes of service.  The December 3 order informed Mr. Ramirez he cannot sue for damages based on the loss of his prison job, and the claimed violation of his due process rights in connection with his prison disciplinary action is meritless because his lost privileges and placement on restricted privileges status for ninety days did not lengthen his sentence or subject him to an atypical and significant hardship in relation to the ordinary incidents of prison life.  Finally, the December 3 order explained that to recover earned-time credits if he is subject to mandatory parole Mr. Ramirez first must pursue due process claim in a separate habeas corpus proceeding under 28 U.S.C. § 2241, and vague and conclusory claims of verbal and mental abuse are insufficient. The December 3 order discusses these deficiencies in greater detail.

Mr. Ramirez has failed within the time allowed to file an amended Prisoner Complaint that cured the deficiencies in the Prisoner Complaint and provided specific factual assertions of Defendants' personal participation in the asserted constitutional violations.  The Prisoner Complaint will be dismissed without prejudice for Mr. Ramirez's failure to comply with the order for an amended Prisoner Complaint, and for his failure to prosecute.  If Mr. Ramirez is subject to mandatory parole, the dismissal of this action does not prevent him from initiating a new and separate action for habeas corpus relief.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this

3

order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Ramirez files a notice of appeal he also must pay the full $505.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are

dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure for the failure of Plaintiff, John A. Ramirez, within the time allowed, to file an

amended Prisoner Complaint as directed in the order of December 3, 2013 (ECF No. 7),

and for his failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __10th__ day of ____January_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4